NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE MOTOROLA MOBILITY, LLC

---

2013-1222

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Reexamination No. 90/010,889.

---

Decided: November 12, 2013

---

SCOTT A. MCKEOWN, Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P., of Alexandria, Virginia, argued for appellant. With him on the brief was ALEXANDER B. ENGLEHART.

NATHAN K. KELLEY, Deputy Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee. With him on the brief were MEREDITH H. SCHOENFELD and SYDNEY O. JOHNSON, JR., Associate Solicitors.

---

Before DYK, MOORE, and WALLACH, *Circuit Judges.*

MOORE, *Circuit Judge*.

Motorola Mobility, LLC appeals from the Patent Trial and Appeal Board's (Board) decision affirming the decision in reexamination that claims 26 and 27 of U.S. Patent No. 5,958,006 would have been obvious. We *affirm*.

BACKGROUND

The '006 patent is directed to reducing the amount of data sent from a host to a remote device. '006 patent at [57], col. 1 ll. 49–54. It discloses a system that sends communications to the remote device that meet certain filtering criteria, as well as a summary of the communications that were filtered out. *Id.* col. 2 l. 66 – col. 3 l. 34. The remote device stores the summary of unsent communications in a summary store. *Id.* col. 3 ll. 18–23, col. 5, ll. 56–59, col. 10, ll. 33–37.

Claim 26 is representative (emphases added):

A controller of a communication unit adapted for requesting data . . . from a further data processing *host* via a communication server, the controller comprising:

(a) a *summary store* to store identifying information received from the *host* via the communications server about data units not sent from the *host* to the communication unit and not received at the communication unit . . . .

During reexamination, the examiner confirmed four claims as patentable and rejected the claims at issue in this appeal over Tohru Hoshi et al., *A Mobile Pen-Based Computing System for Cellular Telephone Networks*, IEEE Pub. No. 0-7803-0917-0/93 (1993) (Hoshi) in view of another reference. The examiner relied on Hoshi to disclose each claim element. Hoshi describes a system for reducing the amount of data transmitted to mobile sta-

tions.  Hoshi's system includes a Mobile Station Server (MSS) that generates a list of received e-mails and filters out non-urgent e-mails.  The Mobile Pen Station receives the filtered e-mail list from the MSS.  After a user at the Mobile Pen Station selects an entry in the list, the e-mail corresponding to that entry is sent to the Mobile Pen Station.  The examiner found that the claims at issue would have been obvious to one of skill in the art in light of Hoshi.

The Board affirmed the examiner's rejection. Motorola appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual findings for substantial evidence and its legal conclusions *de novo*.  *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000).  Claim construction is a legal question that we review *de novo*.  *In re Am. Acad. Sci. Tech. Ctr.*, 367 F.3d 1359, 1363 (Fed. Cir. 2004).  "[C]laims under examination before the PTO are given their broadest reasonable interpretation consistent with the specification."  *In re Abbott Diabetes Care Inc.*, 696 F.3d 1142, 1148 (Fed. Cir. 2012).  Whether an invention would have been obvious is a question of law based on underlying findings of fact.  *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000).

Motorola argues that the rejection is based on an incorrect construction of two claim terms—"host" and "summary store."  We address each term below.

### 1.  "host"

The examiner determined that Hoshi's MSS disclosed the recited "host."  In doing so, the examiner stated that the claims "do not require the host to . . . host anything." The Board affirmed the examiner's rejection and adopted the examiner's findings.

Motorola asserts that the examiner's construction is unreasonable because the plain meaning of "host" requires that it "host something." It asserts that the plain meaning controls because the specification does not provide a more narrow definition.

The PTO counters that the "host" does not need to host anything and that the claim only requires the "host" send information to the communication unit via the communication server. The PTO argues that Hoshi's MSS discloses a "host" even under Motorola's proposed construction.

We agree with Motorola that the plain meaning of "host" requires that the host "host something." However, Hoshi's MSS discloses a "host" even under this construction. As Motorola concedes in its brief, the MSS "receives e-mail that is hosted at mail servers . . . , creates an urgent e-mail list, and forwards the urgent e-mail list to the mobile pen station." Motorola Br. 19-20; *see* J.A. 85, 87. Thus, the MSS hosts at least two things—a service that creates an urgent e-mail list and the urgent e-mail list itself. We hold that substantial evidence supports the Board's finding that Hoshi's MSS discloses a "host" as recited in representative claim 26.

### 2.    "summary store"

The examiner determined that a "summary store" can be any device that stores "identifying information" and found that a display buffer in Hoshi's Mobile Pen Station disclosed the "summary store." The Board affirmed.

Motorola argues that the Board's construction reads "summary" out of the claim. It points to two features of the "summary store" that the specification describes as "significant"—enabling a user to access the index stored in the summary store and storing a substantially similar index at the communication server. Motorola also argues

that the specification consistently depicts the "summary store" as separate from the display components. It contends that the summary store must be separate from the display in order to perform the "significant" features described in the specification.

We disagree. The PTO correctly construed "summary store." Its construction is consistent with the plain meaning of the term. The PTO did not read "summary" out of the claim because it found that Hoshi's display buffer enables display of a summary list of e-mails. Moreover, its construction is consistent with the '006 patent's broad definition of "store" to be "any available device . . . for storage." '006 patent, col. 5 ll. 38–41. We decline to adopt Motorola's construction which would read limitations and functionality in from the specification. The Board's construction of summary store is correct. Substantial evidence supports the PTO's conclusion that Hoshi discloses the claimed "summary store."

## CONCLUSION

We have considered Motorola's remaining arguments and do not find them persuasive. We affirm the rejection of claims 26 and 27.

## AFFIRMED